IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:15-CV-4-H

JANICE ROBINSON,            )
                            )
    Plaintiff,              )
                            )
                            )
                            )
    v.                      )
                            )            **ORDER**
                            )
DEPARTMENT OF THE NAVY,     )
RAYMOND MABUS, SECRETARY,   )
                            )
    Defendant.              )

This matter is before the court on defendant's motion to dismiss. Plaintiff has responded, and this matter is now ripe for adjudication.

### BACKGROUND

Plaintiff filed the complaint in this matter on January 7, 2015, alleging defendant discriminated against her by subjecting her to a hostile work environment based on her race, physical disability and reprisal in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.

Plaintiff was employed as an Information Technology Specialist at the Marine Corps Base located in Cherry Point, North Carolina, when she filed her formal EEO Complaint on July 16, 2009.

Plaintiff complains she has been discriminated against based on her race (black), physical disability (seizures and migraines) and reprisal (for informing her first line supervisor, Alice E. Mouraview she would be contacting Human Resources on April 10, 2009 responding EEO complaint), when she was harassed and subjected to a hostile work environment by the agency.

As facts supporting her claims, plaintiff lists the following:

(1) On April 10, 2009, Ms. Mouraview ordered her to add "migraines" to the remarks section of her sick leave request.

(2) On April 14, 2009, Mouraview met with plaintiff, informed her she was taking excessive leave, and noted her expectations to make improvements over the next three months despite the fact her leave was preapproved by the agency.

(3) On April 15, 2009, Mouraview came to plaintiff's work area and accused her of not following directions regarding a software task.

(4) On April 17, 2009, Mouraview violated her right to privacy by "persistently" asking about her health.

**COURT'S DISCUSSION**

I. **Standard of Review**

A federal district court confronted with a motion to dismiss for failure to state a claim should view the allegations of the complaint in the light most favorable to the plaintiff. See Ibarra

v. United States, 120 F.3d 472, 474 (4th Cir. 1997). The intent of Rule 12(b)(6) is to test the sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion "'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Id. (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).

"[A] complaint need not 'make a case' against a defendant or 'forecast evidence sufficient to prove an element' of the claim." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Rule 8 of the Federal Rules of Civil Procedure provides "for simplicity in pleading that intends to give little more than notice to the defendant of the plaintiff's claims and that defers until after discovery any challenge to those claims insofar as they rely on facts." Teachers' Ret. Sys. of La. v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007). A complaint is generally sufficient if its "'allegations are detailed and informative enough to enable the defendant to respond.'" Chao, 415 F.3d at 349 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and

3

Procedure, § 1215 at 193 (3d ed. 2004)). Thus, a complaint satisfies the Rules if it gives "fair notice" of the claim and "the grounds upon which it rests." Twombly, 550 U.S. at 554-55 (internal quotation marks omitted).

II. Analysis

"Title VII does not guarantee a happy workplace, only one free from unlawful discrimination." Hartsell v. Duplex Prods., Inc., 123 F.3d 766, 773 (4th Cir. 1997). Isolated events or comments that an employee finds insulting does not create a cause of action simply because plaintiff is a member of a protected class.

Plaintiff claims she was subject to a hostile work environment in retaliation for advising Mouraview that plaintiff was going to talk to Human Resources about making an EEO complaint. A hostile work environment is a workplace so "permeated with 'discriminatory intimidation, ridicule, and insult' . . . that [it] is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (citations omitted). "[W]hether an environment is sufficiently hostile or abusive [is determined] by 'looking at all the circumstances,' including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or

4

a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" Faragher v. City of Boca Raton, 524 U.S. 775, 787-88 (1998). Hostile work environment claims require a plaintiff to demonstrate the alleged conduct was unwelcome, resulted from prior protected activity, was sufficiently severe or pervasive to alter the conditions of her employment, and was imputable to her employer. Puescheul v. Peters, 577 F.3d 558, 564-65 (4th Cir. 2009).

Additionally, plaintiff attempts to state a claim for retaliation. Title VII makes it "unlawful . . . for an employer to discriminate against any individual . . . because he has opposed any [discriminatory] employment practice . . . or because he has made a charge, testified, assisted, or participated in any manner in [a Title VII] investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3(a).

Plaintiff's complaint, however, makes nothing more than vague and conclusory allegations and does not state a claim upon which relief may be granted. These allegations fall short of the low threshold required by Federal Rule of Civil Procedure 8. As detailed in defendant's memorandum in support of its motion to dismiss, plaintiff has not alleged how any of the isolated incidents she lists in her complaint are discriminatory. Membership in a protected class alone is not enough. Plaintiff's

5

complaint fails to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While plaintiff's response claims she has sufficiently stated a claim for hostile work environment and that Mouraview's conduct was insensitive and mean-spirited, she has failed to allege any additional facts which would, along with the facts in the complaint, state a claim upon which relief may be granted. Therefore, plaintiff's complaint fails.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE #17] is GRANTED. All of plaintiff's claims are dismissed, and the clerk is directed to close this case.

This 31st day of August 2016.

*[signature]*
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26